UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert Alonzo Robinson, | ) C/A No. 8:11-02285-RBH-JDA |
| Plaintiff, | ) |
| vs. | ) |
| Sgt. Wilson;<br>Officer Frye;<br>Officer Ms. Redden;<br>Stephanie Singleton;<br>Sgt. Harrison;<br>Sgt. Duval; and<br>John Does and still unnamed Jane Does in their personal capacities, | ) Report and Recommendation<br>) for Partial Summary Dismissal |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at Kirkland Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends the District Judge dismiss the Second Amended Complaint in this case without prejudice and without issuance and service of process as to Defendant Stephanie Singleton. Service of the Second Amended Complaint is directed for the remaining Defendants in an Order to be filed contemporaneously with this Report and Recommendation.[1]

---

[1] The Order grants Plaintiff's Motion to Amend, ECF No. 34, directs that Plaintiff's proposed amended pleading be docketed as a Second Amended Complaint, and directs that Plaintiff's original Complaint and Amended Complaint, ECF No.'s 1, 16, be attached

### Pro Se and In Forma Pauperis Review

Plaintiff filed this Second Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

---

to the Second Amended Complaint for service on all Defendants except Defendant Singleton.

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## Factual and Procedural Background

Plaintiff's original Complaint alleged claims of denial of court access and retaliation against employees at the Charleston County Detention Center. ECF No. 1. However, as Plaintiff failed to submit all of the financial and service documents necessary to advance this case, an Order was issued on September 1, 2011, directing Plaintiff to bring this case into proper form. ECF No. 8. In response to the proper form order, Plaintiff submitted the requested financial and service documents for the two identified Defendants, Ofc. Frye and Sgt. Wilson. ECF No.'s 13, 14. Plaintiff also filed an Amended Complaint. ECF No. 16. An Order directing service of the Amended Complaint on Defendants Frye and Wilson was issued on September 27, 2011.[2] ECF No. 19. Service was not authorized for the unidentified Jane/John Doe Defendants. Defendants Fry and Wilson filed an answer to the Amended Complaint on November 4, 2011. ECF No. 27.

On November 21, 2011, the Court received a letter from Plaintiff identifying one of the Jane Doe Defendants as Officer Ms. Redden. ECF No. 33. Plaintiff also filed a Motion to Amend, ECF No. 34, but failed to provide a proposed amended complaint form. Thus, on November 22, 2011, an Order was issued directing Plaintiff to submit a proposed amended complaint form for the Court's review . ECF No. 37. The Order also directed the Clerk of Court to add Officer Ms. Redden to the Court's docket as a Defendant in this action. A Response in Opposition to the Motion to Amend was submitted by the

---

[2] To preserve issues raised in the case, the original Complaint was attached to the Amended Complaint for service.

Defendants on December 7, 2011.  ECF No. 42.  The Defendants indicated that they opposed Plaintiff's Motion on the basis that it outlined additional events and or Defendants.

Plaintiff submitted a proposed Second Amended Complaint form on December 7, 2011.  ECF No. 44. The Second Amended Complaint names the following Defendants: Sgt. Wilson; Ofc. Frye; Ofc. Redden; Stephanie Singleton; Sgt. Harrison; Sgt. Duval and John Does and still unnamed Jane Does in their personal capacities.  *Id.* at 1.  A cover letter submitted with the Second Amended Complaint indicates that Officer Redden and Sgt. Harrison are two of the original "Jane Doe" defendants and Sgt. Duval is one of the originally named "John Doe" defendants. ECF No. 44-3.  The Second Amended Complaint alleges that, along with Defendants Wilson and Frye, Defendants Redden, Harrison, and Duval denied Plaintiff access to the courts.  ECF No. 44, pages 3-5.  Defendant Stephanie Singleton, who apparently was not one of the originally named "Jane Doe" defendants, is named in the Second Amended Complaint for ignoring, or refusing to process, Plaintiff's institutional grievances associated with the alleged denial of court access.  *Id.* at 4.  The Second Amended Complaint seeks injunctive relief and monetary damages.  *Id.* at 5.

## Discussion

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  While Plaintiff's pleadings provide sufficient factual information to withstand summary dismissal against Defendants Wilson, Frye, Redden, Harrison and Duval, Plaintiff's claims against Defendant Stephanie

Singleton are subject to summary dismissal. The Second Amended Complaint alleges that Defendant Singleton failed, or refused, to process Plaintiff's grievances. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011). *See also Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). As the claims against Defendant Singleton, for failure to process Plaintiff's grievances, are not cognizable under 42 U.S.C. § 1983, this Defendant is entitled to summary dismissal from this case.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the Second Amended Complaint in the above-captioned case, as to Defendant Stephanie Singleton, *without prejudice*. Process shall issue for service of the Second Amended Complaint on the remaining Defendants.

s/Jacquelyn D. Austin  
Jacquelyn D. Austin  
United States Magistrate Judge

December 19, 2011  
Greenville, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).