IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Herbert Alonzo Robinson, ) | C/A No.: 8:11-cv-02285-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Sgt Jill Wilson, Logan Fey, ) | |
| Michelle Redden, ) | |
| Sgt Christine Harrison, ) | |
| Sgt Brian Duval, and John ) | |
| and Jane Does, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's Objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin.[1] In the R & R, the Magistrate Judge recommends that the Court grant the Defendant's Motion for Summary Judgment [Docket # 77]. The Plaintiff filed timely objections. This matter is ripe for review.

## *PROCEDURAL HISTORY*

This case was initiated on August 30, 2011, when the Plaintiff was a pretrial detainee housed at the Charleston County Detention Center.[2] The *pro se* Complaint alleges constitutional violations relating to access to courts. Plaintiff alleges that Defendant Wilson took legal materials out of his cell which prevented him from preparing for his state criminal proceedings and that

---

[1] In accordance with 28 U.S.C. Section 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Austin for pretrial handling.

[2] Plaintiff was subsequently moved to Kirkland Correctional Institution but is currently housed at Allendale Correctional Institution.

1

Defendant Fey looked at his legal mail. He further alleges that Wilson and the John and Jane Doe defendants refused to notorize documents for him from the Department of Social Services. He alleges that defendant Redden intercepted his grievances and did not assist him in seeking the return of his legal materials. He alleges that Harrison refused to help him obtain return of his property and that Duval also failed to help him.

Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983, requesting monetary damages and injunctive relief. The Defendants filed a Motion for Summary Judgment on February 6, 2012, on the merits and also on the basis that the plaintiff has failed to exhaust his administrative remedies at the detention center. A *Roseboro* Order was mailed to the plaintiff on February 7, 2012. The plaintiff filed a response in opposition to the motion on February 14, 2012 and a nineteen (19) page affidavit and a nine (9) page memorandum in opposition to the motion on February 23, 2012. The Magistrate Judge issued an R & R on July 9, 2012 in which she recommends that the Court grant the Defendant's Motion for Summary Judgment because the Plaintiff has not shown that he has exhausted his administrative remedies. By way of footnote, she finds that, even if exhaustion had occurred, the motion should be granted on the merits. She further recommends that this action should be deemed a "strike" for purposes of the "three strike rule" of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). On July 18, 2012, the Plaintiff filed timely objections to the R & R. On July 20, 2012, he filed Supplemental Objections.

## ***STANDARD OF REVIEW***

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71(1976). The Court is charged with making a *de novo*

2

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## *DISCUSSION*

Plaintiff does not object to the recommendation by the Magistrate Judge that the request for injunctive relief should be dismissed on the basis of mootness because he has been moved to another facility. Also, he does not object to the finding that the Eleventh Amendment shields the defendants from liability in their official capacities. The Court finds no clear error in these recommendations. Therefore, the request for injunctive relief and any allegations against the defendants in their official capacities are dismissed. The Court will next address whether the motion for summary judgment should be granted as to the defendants in their individual capacities.

In prison condition cases, prisoners are required to exhaust "such administrative remedies as are available" before bringing an action in court. 42 U.S.C. § 1997e(a). Prisoners must exhaust available administrative remedies before bringing such an action, even if the prison's administrative process does not provide for awards of money damages and the prisoner seeks only monetary damages.

3

*Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). In *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), the United States Supreme Court stated that "[a]dministrative law ... require[s] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly." Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by prisoners under any federal law. *Id*. at 90-91.

The Inmate Orientation Handbook for the Charleston County Detention Center sets forth an administrative grievance process. (ECF No. 77-3). A prisoner must first attempt an informal resolution of his complaint with the Unit Officer and, if unsuccessful, within five days after the grievable event complete an Inmate Grievance form or call the grievance hotline. A written response is provided to the prisoner. If dissatisfied with the response by the Housing Unit Officer, the prisoner may appeal to the Housing Commander. The prisoner may then appeal to the Deputy Administrator, Grievances and then to the Detention Center Administrator.

The defendants attach to their Motion for Summary Judgment an affidavit by Michael Tice, the captain of security at the detention center. He states that Plaintiff's file contains thirty-five (35) grievances filed between August 14 and October 6, 2011, of which sixteen (16) relate to the allegations of the Complaint in this action. He states that the plaintiff failed to properly follow the grievance procedure and did not appeal any of the grievances to the next level.

The plaintiff admits in his Complaint, as amended, that he has not received a final agency determination concerning his grievances. (ECF No. 1, p. 4; ECF No. 16, p. 1; and ECF No. 49, p. 2). However, he alleges that the grievance system is futile or has been repealed because grievances are now

4

filed by computer. He also contends that the grievance procedure is futile because of procrastination by officials in responding to grievances.

In his first response to the Motion for Summary Judgment[3], Plaintiff asserts that the affidavit by Captain Tice submitted by the defendant "never once demonstrated he answered any of my grievances to allow me exhaustion of grievances." In his affidavit submitted in opposition to the motion for summary judgment[4], he contends that the handbook was modified in June or July of 2011 to provide that inmates could no longer file paper forms but must file grievances by computer and that no appeal process was provided on the computer. He also points out the sentence at the end of his first grievance (# 34523) dated August 13, 2011: "I wish to appeal to the chief jail administrator."

In his objections to the Report and Recommendation, the plaintiff first contends that he was never issued a *Roseboro* Order. He contends that summary judgment should be denied because Judge Austin had already denied the motion on February 27, 2012 and because he had not received discovery responses from the defendants at the time he responded to the motion for summary judgment. He requests additional time to respond to the motion.

The docket for this case indicates that the *Roseboro* Order was mailed to the plaintiff on February 7, 2012 and has not been returned as undeliverable. As noted above, at the time the lawsuit was filed, the plaintiff was housed at the Charleston County Detention Center. On October 17, 2011, the plaintiff filed a Notice of Change of Address to Kirkland Correctional Institution. On March 12, 2012, he filed another Notice of Change of Address to Allendale Correctional. Therefore, at the time the *Roseboro* order was issued, he would have been housed at Kirkland. This was the address to which

---

[3] ECF No. 84, p. 1.

[4] ECF No. 93, p. 7.

5

the United States attorney mailed the Motion for Summary Judgment with attachments and to which the Clerk would have mailed the *Roseboro* Order. The envelope for the Response to the Motion for Summary Judgment was stamped by the Kirkland prison mailroom on February 10, 2012. Then, on February 21, 2012, the envelope which contained the plaintiff's affidavit in opposition to the motion for summary judgment was stamped by the Kirkland mailroom. A reasonable conclusion would be that the plaintiff filed the first Response after he received the motion from the government and subsequently filed the affidavit with attachments after receiving the *Roseboro* Order. In the event he did not receive the *Roseboro* Order, he still filed the type of responses to which the *Roseboro* Order refers. Under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the "plaintiff must be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him." In the case at bar, the plaintiff did in fact file lengthy responses and an affidavit in opposition to the motion for summary judgment. There is no question that he understood the necessity of filing responses and counter-affidavits.

As to the argument that the motion for summary judgment had already been denied by Magistrate Judge Austin before she issued her R&R, this argument also lacks merit. The order referenced by the plaintiff did not deny the defendants' motion for summary judgment but rather denied as moot a request for an extension of time to file the summary judgment motion because the motion was already filed. The plaintiff also argues that he did not receive the responses by the defendants to his discovery requests until June of 2012 and that he needs additional time to file responses to the motion. However, the copies of medical records that he received in response to the discovery requests do not pertain to the exhaustion issue before the Court.

6

A review of the grievances filed shows that all of them were responded to in a timely manner. Listed below are the grievance numbers, file dates, and resolution dates[5]:

| Grievance number | File date | Resolution date |
| --- | --- | --- |
| #34523 | 8/13/11 | 8/25/11 |
| #34525 | 8/13/11 | 8/14/11 |
| #34731 | 8/14/11 | 8/14/11 |
| #35069 | 8/15/11 | 8/26/11 |
| #34846 | 8/15/11 | 8/26/11 |
| #35295 | 8/16/11 | 8/26/11 |
| #37135 | 8/22/11 | 8/25/11 |
| #37245 | 8/22/11 | 8/23/11 |
| #38552 | 8/26/11 | 8/26/11 |
| #39216 | 8/28/11 | 8/29/11 |
| #39986 | 8/30/11 | Forwarded to floor sgt |
| #41260 | 9/3/11 | 9/4/11 |
| #42187 | 9/6/11 | 9/27/11 |
| #43883 | 9/11/11 | 9/16/11 |
| #45367 | 9/16/11 | 9/23/11 |
| #45686 | 9/16/11 | 9/30/11 |

Instead of waiting for a resolution of each grievance, Plaintiff would file another one immediately concerning the same incident(s). Then, after he received the resolution he did not appeal but started over with a new grievance. He states that he does not know how to appeal, but does not allege that he called the Inmate Grievance Hotline. He has not shown that the process is futile. It is clear that he has not exhausted his administrative remedies. His statement on his initial grievance form that he wishes to appeal to the Chief Jail Administrator was premature and was made before he had even received a response to that grievance. This would not constitute "proper exhaustion" under *Woodford*.

---

[5] Plaintiff states that he has not received responses to all of his discovery requests. However, he does not claim that he filed any appeals or grievances other than those attached to the affidavit provided by the defendants.

7

As noted above, the Magistrate also recommends that this case should constitute a strike. However, the basis for this recommendation was that she found the action is frivolous on the merits. This Court is dismissing the case without prejudice on the basis of failure to exhaust, finding that it is not necessary to address the merits. Therefore, the Court declines to adopt the portion of the Report and Recommendation which recommends deeming the case a "strike" under 28 U.S.C. § 1915(g). *See Green v. Young*, 454 F.3d 405 (4th Cir. 2006).

The plaintiff does not specifically object to any other findings by the Magistrate, and the Court finds those findings were not clear error.

## ***CONCLUSION***

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation as modified. Accordingly, defendant's [77] motion for summary judgment is **GRANTED** and the case is dismissed without prejudice.

**IT IS SO ORDERED.**

s/R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

August 8, 2012
Florence, SC